# DOW CHEMICAL

v.

# RASCATOR MARITIME, et al.

No. 79 Civ. 3131 (KTD).

United States District Court,
S.D. New York.

Jan. 29, 1988.

Hill, Rivkins, Carey, Loesberg, O'Brien & Mulroy, New York City, for plaintiffs Dow Chemical Pacific Ltd., Manuel Intern., Inc. and Manuel D.I.S.C. Intern., Inc.; Raymond P. Hayden, of counsel.

W. Shelby Coates, Jr., New York City, for defendant Rascator Maritime, S.A.

Anderson Russell Kill & Olick, P.C., New York City, for defendants Intra-Span, Inc. and Mahmud Sipra; John H. Gross, of counsel.

Zock, Petrie & Curtin, New York City, for defendants Sanko Kisen (U.S.A.) Corp. and Sanko Steamship Co., Ltd.; Philip J. Curtin, of counsel.

Shaw, Goldman, Licitra, Levine & Weinberg, Golden City, N.Y., for defendant Miles A. Galin, M.D.; Robert E. Goldman, of counsel.

346

KEVIN THOMAS DUFFY, District Judge.

This case was remanded to this court for more explicit findings in connection with the award of attorneys' fees as against the defendants Miles A. Galin, M.D., Mahmud Ahmed, a/k/a Mahmud Sipra ("Sipra"), Rascator Maritime S.A. ("Rascator"), and Intra–Span, Inc. Recognizing the "American Rule" that fee-shifting can only occur where the losing party has acted in bad faith, I had previously held that each of these defendants indeed acted in bad faith in the continuance of this action.

My holding that these defendants acted in bad faith was based on the following findings. I found that Galin had ignored a subpoena, had unnecessarily protracted discovery, and had caused Rascator as his alter-ego to put forward totally frivolous defenses and claims. Sipra had not ignored a subpoena, but had participated directly and through Intra–Span in litigation tactics similar to Galin's. The defendants well knew that the claims they raised were frivolous; they had lost identical arguments before two other judges in this court in two other cases arising from this identical set of facts. If the defendants had followed the orders of the court in those two cases, this action would have been unnecessary because the plaintiffs would have suffered little or no damage.

In ruling on the question of bad faith, I looked to the other cases which arose from the same set of facts. The Court of Appeals has ruled, however, that each case must be looked at in isolation and that these other cases are extraneous in determining whether defendants acted in bad faith. This means that a plaintiff can continue to bring action after action against the same defendant based on the same facts and never have any of these cases found to be brought in bad faith.

In addition, I looked to the defendants' motives in the transaction underlying this case in ruling that they were guilty of bad faith. The Court of Appeals has indicated that this consideration is also extraneous.

Ruling out the defendants' motives in the underlying transaction and the circumstances surrounding this case, I am compelled to find that there is insufficient bad faith to award attorneys' fees in this matter.

The application for attorneys' fees must be denied.

SO ORDERED.